IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WAYNE HOLMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 22-cv-01383 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| LOUIS DEJOY, Postmaster General of the ) | |
| United States Postal Service, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant's motion to dismiss for failure to state a claim [32] is granted. Plaintiff's complaint is dismissed without prejudice. Plaintiff is granted leave to file a second amended complaint that remedies the deficiencies identified in the accompanying Statement, if he is able to do so, by 3/28/2023. Telephonic status hearing set for 2/15/2023 at 9:30 AM remains firm. To ensure public access to court proceedings, members of the public and media may call in to listen to telephonic hearings. The call-in number is (888) 557-8511 and the access code is 3547847. Counsel of record will receive an email 30 minutes prior to the start of the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

## STATEMENT

Plaintiff Wayne Holmes is an employee of the United States Postal Service ("USPS"). In the present lawsuit, he alleges that he was denied paid leave during a period of illness between December 4, 2021 and January 7, 2022. For that reason, Holmes has sued Defendant Louis DeJoy, in his official capacity as the Postmaster General of the USPS, claiming that the USPS violated his rights under the Family and Medical Leave Act ("FMLA" or "the Act"), 29 U.S.C. § 2601 *et seq.* Now before the Court is the USPS's motion to dismiss Holmes's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 32.)

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Under the FMLA, eligible employees have "the right to take unpaid leave for a period of up to twelve work weeks in any twelve-month period for a serious health condition as defined by the Act." *King v. Preferred Tech. Grp.*, 166 F.3d 887, 891 (7th Cir. 1999) (citing 29 U.S.C. § 2612(a)(1)). In addition, the FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" under the Act. 29 U.S.C. § 2615(a)(1). The gravamen of Holmes's amended complaint is not that he was denied leave but that he was denied ***paid*** leave. However, "[a]n employer is not required to pay an employee while the employee is on FMLA leave." *Repa v. Roadway Express, Inc.*, 477 F.3d 938, 941 (7th Cir. 2007); *see also* 29 C.F.R. § 825.207 ("Generally, FMLA leave is unpaid leave."). Thus, without more, Holmes cannot state a FMLA claim simply by alleging that he was denied paid leave. Holmes does allege, but without any additional details, that he was disciplined by the USPS for taking FMLA leave. That threadbare and unsupported allegation does not suffice to plead that the USPS interfered with or restrained Holmes from exercising his rights under the FMLA. *See Ashcroft*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Holmes must at least allege what USPS did to discipline him to state a claim on that basis.

As the USPS notes, the amended complaint's allegations may support a claim under some other law. But the only claim presently before the Court is under the FMLA. Because none of Holmes's allegations state a cognizable FMLA claim, the USPS's motion to dismiss is granted. Holmes's amended complaint is dismissed without prejudice.

Dated: February 14, 2023

_____
Andrea R. Wood
United States District Judge