## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22-cv-01383 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| LOUIS DEJOY, Postmaster General of the United States Postal Service, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant's motion to dismiss for failure to state a claim [47] is granted. Plaintiff's Second Amended Complaint is dismissed with prejudice. Any pending hearing dates are stricken. The Clerk is directed to enter Judgment in favor of Defendant. If Plaintiff wishes to appeal this decision, he must file a Notice of Appeal with this Court within sixty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1)(B). Civil case terminated. See the accompanying Statement for details.

## STATEMENT

Plaintiff Wayne Holmes is an employee of the United States Postal Service ("USPS"). In the present lawsuit, he alleges that he was denied paid leave during a period of illness between December 4, 2021 and January 7, 2022. For that reason, Holmes has sued Defendant Louis DeJoy, in his official capacity as the Postmaster General of the USPS, claiming that the USPS violated his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* This Court previously dismissed Holmes's amended complaint for failure to state a claim because the FMLA does not require an employer to pay an employee who is on FMLA leave. Holmes was given an opportunity to amend his complaint to remedy the deficiencies identified by the Court. Accordingly, Holmes filed a Second Amended Complaint ("SAC," Dkt. No. 45). Now, the USPS has filed a motion to dismiss Holmes's SAC. (Dkt. No. 47.)

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Holmes's SAC, like his previously dismissed amended complaint, again alleges that the USPS violated his rights under the FMLA by denying him paid sick leave. In an attempt to get around the fact that, "[g]enerally, FMLA leave is unpaid leave," 29 C.F.R. § 825.207(a), the SAC alleges that Holmes's contract with the USPS gave him a right to eight hours of paid sick leave and therefore the USPS violated FMLA by failing to honor his request for such leave. To support that contention, Holmes cites a FMLA regulation, 29 C.F.R. § 825.207(a), which provides that "FMLA permits an eligible employee to choose to substitute accrued paid leave for FMLA leave." That regulation, however, goes on to state that "[a]n employee's ability to substitute accrued paid leave is determined by the terms and conditions of the employer's normal leave policy." *Id.* Here, Holmes alleges that the USPS improperly applied its leave policy by declining to grant him paid sick leave. But an "employer's application of its leave policies . . . are irrelevant to an FMLA interference claim. The statute entitles [an employee] to take a certain amount of leave and retain his job; it does not entitle him to any specific classification of leave." *Royston v. DeJoy*, No. 1:18-CV-01697, 2021 WL 4502217, at *6 (N.D. Ill. Sept. 30, 2021); *see also Becknell v. Univ. of Ky.*, 383 F. Supp. 3d 743, 757 (E.D. Ky. 2019) ("[E]ven if there is a right to paid leave under internal . . . policies, there is no right to paid leave under the FLMA."); *Miller v. Personal-Touch of Va., Inc.*, 342 F. Supp. 2d 499, 512 (E.D. Va. 2004) ("[V]iolation of an employer's internal policy does not itself support a statutory FMLA violation.").[1]

Holmes also alleges that the USPS retaliated against him for exercising his rights under the FMLA by granting him only unpaid leave. "Employers are . . . prohibited from retaliating against an employee that exercises or attempts to exercise FMLA rights." *Pagel v. TIN Inc.*, 695 F.3d 622, 631 (7th Cir. 2012). To succeed on a retaliation claim, Holmes "must of course be entitled to FMLA benefits." *Id.* But here, Holmes alleges that he was retaliated against for requesting eight hours of paid leave, benefits to which he was not entitled under the FMLA. Moreover, Holmes's retaliation claim is duplicative of his interference claim—his complaint about being given unpaid leave instead of paid leave is simply another way of complaining about being denied paid leave. For these reasons, his retaliation claim fails.

Having dismissed Holmes's FMLA claims for a second time, the Court next considers whether the SAC should be dismissed with prejudice. At this point, it is apparent that Holmes seeks to use this litigation as a means of holding the USPS liable for denying him paid sick leave. Since such a claim is not available under the FMLA, the Court concludes that allowing Holmes another opportunity to amend his complaint would be futile. *See Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) ("District courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to

---

[1] To the extent the USPS breached an obligation under a collective bargaining agreement, this Court is unlikely to be the proper forum for any such complaint. *See Vaca v. Sipes*, 386 U.S. 171, 184 (1967) ("Since the employee's claim is based upon breach of the collective bargaining agreement, he is bound by terms of that agreement which govern the manner in which contractual rights may be enforced. For this reason, it is settled that the employee must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement.").

the defendants, or where the amendment would be futile." (internal quotation marks omitted)). For that reason, the SAC is dismissed with prejudice. This case will be closed.

Dated:  June 2, 2023

_____
Andrea R. Wood
United States District Judge